**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edmund PHILLIPS, Defendant– Appellant.**

**No. 01–1937, 01–1938.**

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

Edmund Phillips appeals from his judgment of convictions and sentence. Counsel for both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Phillips pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(d) in the Western District of Michigan. As part of his plea agreement, Phillips consented to the transfer from the Middle District of Georgia of two additional charges of armed bank robbery and one charge of carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Phillips then pleaded guilty to these charges. The district court sentenced Phillips to 312 months of imprisonment and five years of supervised release; the court also imposed a $400 special assessment and ordered Phillips to pay $51,086.10 in restitution. In this timely appeal, Phillips argues that the district court should have increased his Base Offense Level by five levels for brandishing a weapon under USSG § 2B1.3(b)(2)(C), rather than by six levels for otherwise using a firearm under USSG § 2B1.3(b)(2)(B).

Upon review, we conclude that the district court properly sentenced Phillips. Because of the fact-specific nature of the determination regarding whether Phillips's conduct meets the requirements of USSG § 2B1.3(b)(2), this court must give due deference to the district court's application of the facts to this Guideline. See Buford v. United States, 532 U.S. 59, 64–65, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); United States v. Jackson–Randolph, 282 F.3d 369, 389–90 (6th Cir.2002). The district court's special competence in making sentencing determinations and the limited value in uniform precedent in such case-specific, fact-bound circumstances direct this due deference. See Buford, 532 U.S. at 64–66, 121 S.Ct. 1276; Jackson–Randolph, 282 F.3d at 389–90. Consequently, this court reviews the district court's decision for clear error. See Jackson–Randolph, 282 F.3d at 390.

The district court did not commit clear error in applying the six-level enhancement under § 2B1.3(b)(2)(B). Under § 2B1.3(b)(2), a defendant's offense level is increased by: A) seven levels, if a firearm is discharged during a robbery; B) six levels, if the firearm was otherwise used; or C) five levels, if the firearm was brandished or possessed. Brandishing a firearm

means that the weapon was displayed in order to intimidate another person, regardless of whether the weapon was actually visible to that person. USSG § 1B1.1, comment. (n.1(c)) (*Guidelines Manual*, Nov. 2000). Otherwise using a firearm means that the conduct does not amount to the discharge of a weapon, but was more than brandishing, displaying, or possessing the weapon. USSG § 1B1.1, comment. (n.1(g)) (*Guidelines Manual*, Nov. 2000). While the concept of brandishing includes pointing a firearm in a threatening manner, it is insufficient to include directly threatening an individual with the use of the firearm if that person does not comply with the defendant's demands. *See United States v. Moerman*, 233 F.3d 379, 380–81 (6th Cir.2000). Physical contact between the weapon and the individual also can justify the "otherwise used" enhancement. *See United States v. Kushmaul*, 147 F.3d 498, 501 (6th Cir.1998).

Phillips's conduct during the Michigan robbery justified the "otherwise used" enhancement under § 2B1.3(b)(2)(B). It is undisputed that Phillips and another robber, wearing masks, entered the Old Kent Bank on April 9, 1999. The robbers confronted a security guard, pointed their guns at him, and ordered him to the ground. As the guard was lying down, one of the robbers pressed a gun to his head while his hands were tied with plastic flex cuffs. One of the robbers then proceeded to empty cash drawers, as the other one trained his weapon on the bank employees and customers. The district court concluded that the robbers' actions in forcing the security guard to the ground at gunpoint and then holding a gun to his head were substantially greater conduct than "brandishing" and required application of the § 2B1.3(b)(2)(B) enhancement. The district court's determination was not clearly erroneous.

Accordingly, this court affirms the district court's judgment.