*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0181P (6th Cir.)
File Name: 01a0181p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

JOHN FOWLER,
    *Petitioner-Appellant,*

    *v.*

TERRY COLLINS, Warden,
    *Respondent-Appellee.*

No. 99-3994

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 98-00614—Joseph P. Kinneary, District Judge.

Argued: March 7, 2001

Decided and Filed: June 4, 2001

Before: MARTIN, Chief Judge; MOORE, Circuit Judge;
TARNOW, District Judge.[*]

————————————

## COUNSEL

**ARGUED:** Alison M. Clark, PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. Stuart W. Harris, OFFICE OF THE ATTORNEY GENERAL, Columbus,

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

Ohio, for Appellee.  **ON BRIEF:**  Alison M. Clark, Jill E. Stone, PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant.   Stuart W. Harris, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

———————————

**OPINION**

———————————

### I. Introduction

ARTHUR J. TARNOW, District Judge.  This matter is before the Court following petitioner John Fowler's appeal from the district court's denial of his application for writ of habeas corpus.  Fowler contends that he was deprived of his right to counsel based on the trial court's failure to adequately inquire whether his waiver was made knowingly, intelligently, and voluntarily.  The district court granted a limited certificate of appealability on the sufficiency of Fowler's waiver of counsel.

Fowler was sentenced to twenty-four years of imprisonment for passing bad checks and theft by deception.  Fowler represented himself at arraignment as well as at trial.  He unsuccessfully appealed his conviction arguing, in part, that he was deprived of his right to counsel under the Sixth and Fourteenth Amendments.  Specifically, he argued that the trial court failed to properly ask whether he knowingly, intelligently, and voluntarily waived his right to counsel.  The state court of appeals found that given the totality of the circumstances, Fowler's waiver was knowing, intelligent, and voluntary.

The state court discussed Fowler's waiver of counsel with him at arraignment and again immediately prior to trial. During these limited interactions, Fowler was not informed of the dangers and disadvantages of self-representation. We find that the state court's decision that the waiver was proper based on the record is an unreasonable application of clearly established Supreme Court precedent.

For the following reasons, we VACATE the district court's denial of habeas relief and REMAND with instructions that the district court issue a writ of habeas corpus releasing Fowler from custody, if the state does not provide him a new trial within 90 days.

## II. Background

On January 25, 1995, Fowler was charged with twenty-four counts of passing bad checks and twenty-four counts of theft by deception. Less than a month later, Fowler appeared for his arraignment hearing in the Tuscarawas Court of Common Pleas. Before taking his plea, the judge briefly inquired whether Fowler would represent himself to which Fowler responded affirmatively.

The following dialogue occurred during this arraignment hearing:

THE COURT: All right. [Fowler], you and I have talked in the past about criminal matters. What is important here today of course is that you be fully apprised of the circumstances. Do you give me permission not to read the Indictment *verbatim*?

MR. FOWLER: I would waive the reading of the Indictment and the penalties statute. I would reserve right to attack the Indictment, however, at a later time.

THE COURT: Sure. And do you also waive the Court's explanation of your Constitutional and statutory rights and privileges as well as an explanation of the pleas available and the meaning of each plea?

MR. FOWLER: Yes sir.

THE COURT: All right. And I'm doing so because I'm confident this defendant understands all of those issues and that he is not being compromised in his knowledge of the Indictment or the information necessary

for him to make rational decisions about what plea to enter.

The only other time that the state court spoke to Fowler about waiver of counsel was immediately prior to trial. The trial judge relied predominantly on Fowler's presumed proper waiver of counsel at arraignment:

THE COURT:    We need to determine some preliminary matters first. I understand from, and it's not counsel for Mr. Fowler, and let me indicate at this time that Mr. Fowler has, and he is present in Court and is not represented by counsel at this time, has from the arraignment in this case, indicated I understand that you are going to represent yourself, is that correct?

MR. FOWLER:    Yes.

THE COURT:    And at this time, in order to preserve that for the record, I'm required to have you sign that in writing. What I have is a waiver of counsel, let me read this on the record. By signing this, you indicate that you, I, John E. Fowler, having been advised of my right to be represented by counsel and the right to have appointed counsel if I'm indigent, that is, representation without cost to me, hereby waive and give up my right to be represented by an attorney and elect to represent myself which is 24 counts Passing Bad Checks, 24 counts Grand Theft. Is this your intent Mr. Fowler?

In response, Fowler did not directly answer the question. Instead, he expressed concern about being unprepared for trial and his lack of access to resources.

The trial court interrupted Fowler and questioned again whether he would waive counsel to which Fowler responded affirmatively. The Court then informed Fowler that a staff

trial court depended to a large extent on the validity of the waiver at the arraignment. As stated above, however, that waiver was improper.

The trial court did take the additional step of having Fowler sign a written waiver of counsel. Prior to having Fowler sign the waiver, the court read the written waiver aloud and asked Fowler if it reflected his intent. Fowler responded at length that he was unprepared for trial through no fault of his own and that the indictment was complex. The trial court interrupted and asked Fowler for a waiver. Still the court did not communicate to Fowler the significance of waiving counsel. Concluding that such a deficient investigation on the record as to whether the waiver was knowing, intelligent, and voluntary was proper is an unreasonable application of Supreme Court precedent.

In light of the strong presumption against waiver of the constitutional right to counsel, this Court finds that there was no adequate on the record waiver. The decision of the state court is an unreasonable application of established Supreme Court precedent.

## V. Conclusion

For the reasons stated above, we **VACATE** the district court's denial of habeas relief and **REMAND** with instructions that the district court issue a writ of habeas corpus releasing Fowler from custody, if the State does not provide a new trial within 90 days.

In this case, the record does not support the state court's conclusion that Fowler waived his right to counsel with eyes wide open. A trial court's determination as to the propriety of a waiver should appear on the record. *See Johnson v. Zerbst*, 304 U.S. 458, 465 (1938). On habeas review, the court must indulge every reasonable presumption against waiver of an individual's fundamental constitutional rights. *Id.* at 464. The record of both Fowler's arraignment and trial fail to demonstrate that the presumption was overcome.

The state court did not satisfy its duty to make Fowler aware of the dangers and disadvantages of self-representation. At arraignment, the judge conducted a cursory investigation of whether Fowler's waiver met the high standard set by the Supreme Court in *Faretta*. The judge presiding over the arraignment only once asked whether Fowler would act on his own behalf. Later, the court asked Fowler if he would waive a *verbatim* reading of the 46 count indictment. In addition, the court asked Fowler if he waived an explanation of his constitutional and statutory rights and privileges. Despite Fowler's response in the affirmative, the court's protective role was not fulfilled. "The fact that an accused may tell [the judge] that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility." *Von Moltke*, 332 U.S. at 724.

The record does not reflect that the court undertook efforts to ensure that Fowler had a broad understanding of the matter. Despite a long and complex indictment, the court failed to investigate whether the waiver was made knowingly and intelligently. Nor did the court explain why an inquiry was unwarranted. The abbreviated investigation at the arraignment as to Fowler's waiver of counsel failed to ensure that the waiver was proper.

The trial court also failed to apprise Fowler of the dangers and disadvantages of self-representation.[2]   In this case, the

---

[2]The initial state court of appeals decision recognized the inadequacy of the trial court's inquiry.

attorney from the Public Defender's Office was present to ensure compliance with due process. Fowler objected to his presence based upon established conflicts with the Public Defender's Office.[1]

Fowler was found guilty. The court sentenced him to a one-year term of incarceration on each of twenty-four convictions to be served consecutively. Fowler appealed the twenty-four year sentence to Ohio's Fifth Appellate District.

One of the three assignments of error Fowler raised was that the trial court erred by failing to adequately inquire whether he knowingly, intelligently, and voluntarily waived his right to counsel. In affirming the trial court's decision, the appellate court found that the pre-trial discussion between the trial judge and Fowler was insufficient to adequately apprise Fowler of the nature of the charges against him and the perils of self-representation. Without the benefit of the arraignment transcript, however, the appellate court presumed that Fowler's waiver of his right to counsel at arraignment was proper.

Subsequently, Fowler applied to reopen his appeal alleging that he received ineffective assistance of appellate counsel based on his attorney's failure to submit the arraignment transcript. The appellate court granted his application for review. Based on the totality of the circumstances, however, the appellate court upheld the conviction.

### III. Standard of Review

When reviewing a habeas corpus petition pursuant to 28 U.S.C. § 2254, this court reviews the district court's legal conclusions *de novo*. *See Doan v. Brigano*, 237 F.3d 722 (6th Cir. 2001). This Court may only grant habeas relief if the state court's adjudication on the merits resulted in a decision that:

---

[1]Fowler expressed that he had an ongoing dispute with that office.

1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding

28 U.S.C. § 2254(d)(1), (2).  A state court's decision must be opposite to that reached by the Supreme Court on a question of law or must face a set of facts that are materially indistinguishable from a relevant Supreme Court precedent and arrive at an opposite result to satisfy the "contrary to" test.  *See Williams v. Taylor*, 529 U.S. 362, 404 (2000).  The "unreasonable application" test is satisfied when a state court correctly identifies the governing legal principle in a case, but unreasonably applies that principle to the facts of the defendant's case.  *Id.* at 407.  This prong is also met when the state court extends improperly or fails to extend a legal principle in the proper new context.  *Id.*

When analyzing whether a state court's decision is "contrary to" or an "unreasonable application of" clearly established federal law, this court may only look to Supreme Court precedent as of the time of the state court's decision. *Id.* at 411.

## IV.  Analysis

The state court's conclusion that Fowler had knowingly, intelligently, and voluntarily waived his right to counsel is an unreasonable application of clearly established Supreme Court precedent.

The Supreme Court reiterated in *Faretta v. California*, 422 U.S. 806, 807 (1975), that the Sixth and Fourteenth Amendments of the U.S. Constitution guarantee every defendant a right to counsel in criminal prosecutions. Conversely, the Sixth Amendment implies a right of self-representation.  *Id.* at 821.  When a defendant chooses to

effectuate the right of self-representation, he forgoes, as a factual matter, the benefits associated with representation by legal counsel.  *Id.* at 834.  These benefits are of the utmost importance in a criminal proceeding, because a person's very freedom is at stake.  In consideration of the gravity of such circumstance, the Supreme Court mandated that an individual who wishes to represent himself must waive the right to counsel "knowingly and intelligently" on the record.  *Id.*

In this regard, the court serves a protective function.  This function is accompanied by a responsibility to a defendant to ensure that a waiver of counsel is appropriate in consideration of this mandate.  The *Faretta* Court articulated this duty to a defendant who wishes to waive his right to counsel:  "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes wide open.'"  *Id.* (citations omitted).

To ensure that a defendant's waiver is made with eyes wide open, a judge must thoroughly investigate the circumstances under which the waiver is made.  *See Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948) (plurality).  The Supreme Court gave guidelines for courts to consider when excepting a waiver of counsel:

To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

*Id.* at 724.  While the extent to which a court must probe into these elements in order to render a waiver of counsel proper varies from case to case, the court's obligation to maintain the integrity of the Sixth Amendment remains constant.  A defendant's waiver of his right to counsel must be made on the record knowingly, intelligently, and voluntarily.