**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0378n.06
Filed: May 30, 2006

02-2210

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TERRY DIXON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GEORGE PENNELL, Warden, and BILL | ) | EASTERN DISTRICT OF MICHIGAN |
| MARTIN, Director, Michigan Department | ) | |
| of Corrections, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

Before: KEITH, MERRITT, and DAUGHTREY, Circuit Judges.

**PER CURIAM.** The petitioner, Terry Dixon, is an inmate in the custody of the

Michigan Department of Corrections, serving a life sentence without possibility of parole

following his 1993 convictions for first-degree murder, conspiracy to murder, possession of

a firearm during the commission of a felony, and obstruction of justice. After exhausting his

appeals and post-conviction remedies in state court, he filed a petition for a writ of habeas

corpus in federal district court, pursuant to 28 U.S.C. § 2254. In his habeas petition, Dixon

claimed that his right to confrontation had been violated when testimony given by the murder

victim before her death was read into the record; that the state prosecutor was guilty of

misconduct at trial; that the trial judge was equally guilty of misconduct, reflecting bias

against against Dixon; that the trial judge permitted the introduction of certain inadmissible

evidence and the improper bolstering of a state's witness; that the petitioner had received ineffective assistance of counsel at trial and on direct appeal; and that the cumulated effect of all these errors deprived him of a fair trial.

The district court denied relief on all claims. Initially, the court determined that many of the claims were procedurally defaulted, either because the petitioner had not raised them on direct appeal or because he had not complied with the Michigan contemporaneous objection rule. As to each instance of procedural default, the court found that the petitioner had failed to show the necessary "cause and prejudice" required to overcome such default. Moreover, the district court rejected Dixon's claim of ineffective assistance of counsel both substantively and as a show of cause for the default of other claims. Finally, the court ruled that the non-defaulted claims alleged errors that either constituted harmless error or were without merit under the applicable standards of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) (AEDPA).

The petitioner filed a notice of appeal, and the district court issued a certificate of appealability as to all of the petitioner's claims except three alleged incidents of prosecutorial misconduct. We twice dismissed the petitioner's appeal for lack of prosecution, but reinstated it both times. It is now before us for resolution.

We review *de novo* the decision of a district court to grant or deny a writ of habeas corpus. *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). The district court's factual findings are reviewed for clear error, except where the court has made factual

determinations based on trial transcripts and other court records; such findings are reviewed *de novo*. *Id*. Because the petitioner filed his application after AEDPA became effective, habeas relief is available only if the state courts' decisions were "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or were "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Further, if a petitioner's claim is barred from federal review under the doctrine of procedural default, the prisoner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Having carefully reviewed the opinion of the district court, we are persuaded that the court was correct in holding that the state courts' analysis of the facts and application of relevant federal law met the AEDPA standard. We agree with the conclusion that the majority of the petitioner's claims had been procedurally defaulted. Moreover, we are not convinced that the performance of trial counsel fell below an objective standard of reasonableness that would serve as cause to overcome the default. For that reason, we need not analyze the record for consideration of possible prejudice. Additionally, the remainder of the claims simply do not establish that the decisions of the state courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

That conclusion applies equally to the petitioner's contention, raised for the first time on appeal in this court, that the district court's ruling on his claim under the Confrontation Clause was in error because that court "did not have the benefit of *Crawford v. Washington*, [541 U.S. 36] (2004)," which was announced some two years after the decision in the district court was filed. But the opinion in *Crawford* was also decided after Dixon's convictions became final and, having not been made retroactively applicable by the Supreme Court, *Crawford* cannot provide grounds for relief in his case. *See Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001) ("When analyzing whether a state court's decision is 'contrary to' or an 'unreasonable application of' clearly established federal law, this court may only look to Supreme Court precedent as of the time of the state court's decision.").

Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying habeas relief and dismissing the petitioner's petition. Because the reasons why judgment should be entered for the respondents have been fully articulated by the district court, the issuance of a more detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its opinion and order dated August 29, 2002.